```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                         AT COLUMBIA
```

JACQUELYN WILLIAMS,                )
                                   )
        Plaintiff                  )
                                   )    No. 1:15-0081
v.                                 )    Chief Judge Sharp/Bryant
                                   )    **Jury Demand**
GM SPRING HILL MANUFACTURING       )
CO., *et al.*,                     )
                                   )
        Defendants                 )

**TO:   THE HONORABLE KEVIN H. SHARP
        CHIEF JUDGE**

## REPORT AND RECOMMENDATION

Individual Defendants Timmons, Brown, Gwynn, Herron and Stannard have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (Docket Entry No. 24) to which Plaintiff Williams has responded in opposition (Docket Entry No. 28). Defendants have filed a reply (Docket Entry No. 36) and Plaintiff Williams has filed a second response and a second reply (Docket Entry Nos. 39 and 45).

For the reasons stated below, the undersigned Magistrate Judge recommends that the individual Defendants' motion to dismiss be granted.

## STATEMENT OF THE CASE

Plaintiff Jacquelyn Williams, who is proceeding *pro se*, has filed her complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Specifically, Williams alleges that from January through

September 2014 Defendants committed multiple acts of employment discrimination based upon Plaintiff's race and color that amounted to harassment, hostile work environment and retaliation, including termination of her employment.

Five of the individual Defendants (Timmons, Brown, Gwynn, Herron and Stannard) have filed their motion to dismiss.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id.* Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## ANALYSIS

Defendants assert that Plaintiff's claims under Title VII must be dismissed because Plaintiff has failed to file suit within 90 days after receiving the Notice of Right to Sue from the EEOC. A plaintiff must file her Title VII claim within 90 days of receiving the EEOC's right-to-sue letter. *Tate v. United Services*

3

*Associates, Inc.*, 75 Fed. Appx 470 (6th Cir. 2003) (*citing Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)).

Here, Plaintiff Williams in paragraph 7 of her complaint states that she received the EEOC right-to-sue letter on April 10, 2015 (Docket Entry No. 1 at 3). However, Plaintiff's complaint was not filed until September 14, 2015, over 150 days later. For this reason, the undersigned finds that Williams's Title VII complaint was not timely filed and must be dismissed.

Moreover, the Sixth Circuit has held that an individual employee or supervisor who does not otherwise qualify as an "employer" may not be held personally liable under Title VII. *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997). From the complaint, it appears that Plaintiff Williams was employed by Defendant GM Spring Hill Manufacturing Co. at its automobile manufacturing plant in Spring Hill, Tennessee. It further appears that the individual Defendants were Plaintiff's fellow employees and, in some cases, supervisors or labor union representatives. The complaint contains no allegation that any of the individual Defendants were Plaintiff's "employer" within the meaning of Title VII. Therefore, for this additional reason the undersigned finds that the claims against these Defendants must be dismissed.

Finally, construing the complaint liberally, the undersigned finds that Williams alleges that four of the individual

Defendants, Brown, Gwynn, Herron and Stannard, in their roles as labor union representatives for the United Auto Workers Local 1853, have violated the union's duty of fair representation.

Jurisdiction over the breach of duty of fair representation is conferred on courts by Section 301 of the Labor Management Relations Act. *Vaca v. Sipes*, 386 U.S. 171, 186-87 (1967). The Supreme Court has found that claims of breach of contract/duty of fair representation claims are subject to the six-month statute of limitations contained in Section 10(b) of the National Labor Relations Act. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169-70 (1983). This limitation period begins to run when the employee knows or should have known of the union's breach. *Chrysler Workers Ass'n v. Chrysler Corp.*, 832 F.2d 573, 581 (6th Cir. 1987).

In Williams's complaint, the latest date upon which she alleges a violation of the collective bargaining agreement is October 13, 2014, relating to a "scab list" (Docket Entry No. 1 at 9). However, as stated above, Plaintiff did not file her complaint until September 14, 2015, almost 11 months later. For this reason, the undersigned finds that Plaintiff's claim of violation of the collective bargaining agreement is untimely and barred by the six-month statute of limitations applicable to such claims.

For the reasons stated above, the undersigned finds that Williams's complaint fails to state a claim against individual Defendants Timmons, Brown, Gwynn, Herron and Stannard, and that their motion to dismiss therefore should be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the foregoing individual Defendants' motion to dismiss (Docket Entry No. 24) be granted and the complaint against these Defendants dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 17th day of August, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge