```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                      AT COLUMBIA

JACQUELYN WILLIAMS,              )
                                 )
        Plaintiff                )
                                 )   No. 1:15-0081
v.                               )   Chief Judge Sharp/Bryant
                                 )   Jury Demand
GM SPRING HILL MANUFACTURING     )
CO., et al.,                     )
                                 )
        Defendants               )
```

**TO:   THE HONORABLE KEVIN H. SHARP**
       **CHIEF JUDGE**

## REPORT AND RECOMMENDATION

Defendants General Motors LLC ("GM") (incorrectly named in the complaint as "GM Spring Hill Manufacturing Co.", Steve Hunter, Nancy Gragg (incorrectly named in the complaint as Nancy "Gregg"), and Ricky Holmes have filed their motion to dismiss (Docket Entry No. 26) to which Plaintiff Williams has responded in opposition (Docket Entry No. 28). Defendants have filed a reply (Docket Entry No. 37) and Plaintiff has filed a "second reply" (Docket Entry No. 45).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be granted.

## STATEMENT OF THE CASE

Plaintiff Jacquelyn Williams, who is proceeding *pro se*, has filed her complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. Specifically, Williams alleges that from January through

September 2014, Defendants committed multiple acts of employment discrimination based upon Plaintiff's race and color that amounted to harassment, hostile work environment, and retaliation, including termination of her employment. Plaintiff's employer, GM, and individual Defendants Gragg, Holmes, and Hunter have filed their motion to dismiss.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id.* Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## ANALYSIS

Defendants assert that Plaintiff Williams has failed to file her administrative charge before the Equal Employment Opportunity Commission ("EEOC") and her lawsuit within the time limits established by law. Specifically, an aggrieved employee in Tennessee must file a formal charge of discrimination with the EEOC

or the Tennessee Human Rights Commission within 300 days of the allegedly discriminatory action, and must commence a civil action within 90 days of receipt of the right to sue letter. *McNeil v. City of Memphis,* 2007 WL 10849852 at *1 (W.D. Tenn. June 25, 2007). The starting date for the 300-day limitation period is when the plaintiff learns of the employment decision itself. *Amini v. Oberlin Coll.,* 259 F.3d 493, 498 (6th Cir. 2001).

In her complaint, Plaintiff Williams alleges that she was wrongfully discharged from employment on March 6, 2014 (Docket Entry No. 1 at 7). Plaintiff further alleges in paragraph 6 of her complaint that she filed charges against the Defendant with the Tennessee Human Rights Commission or the EEOC on or about January 9, 2015 (Docket Entry No. 1 at 2). She further alleges in paragraph 7 of her complaint that she received a notice of right to sue[1] from the EEOC on or about April 10, 2015 (*Id*. at 3). Finally, Plaintiff Williams filed her complaint in this action on September 14, 2015 (Docket Entry No. 1). Thus, from Plaintiff's pleadings, it appears that more than 300 days expired between her alleged wrongful termination on March 6, 2014, and her filing of charges with the EEOC on January 9, 2015. Similarly, well over 90 days elapsed

---

[1]Plaintiff identifies in her complaint multiple documentary exhibits and refers to them by exhibit numbers. However, the court record does not contain these exhibits, suggesting that Plaintiff failed to file them along with her complaint. Defendants make reference to these exhibits in their motion papers, further suggesting that Plaintiff included them with the copies of the complaint served upon Defendants.

4

between Plaintiff's receipt of the EEOC right-to-sue letter on April 10, 2015, and the filing of her complaint on September 14, 2015.

Plaintiff Williams argues that the statutes of limitations should not be applied in her case based upon the authority of *Lewis v. City of Chicago*, 560 U.S. 205 (2010). However, *Lewis* involved a class action based upon alleged disparate impact which did not require a showing of discriminatory intent. The *Lewis* court explicitly stated that "[f]or disparate-treatment claims – and others for which discriminatory intent is required – . . . the plaintiff must demonstrate deliberate discrimination within the limitations period." 560 U.S. at 214-215. Plaintiff Williams asserts a disparate treatment claim, not a disparate impact case, so the *Lewis* decision is inapplicable here.

For the reasons stated above, the undersigned Magistrate Judge finds that Plaintiff Williams has failed to file her administrative claim with the EEOC within the 300-day limitations period and has further failed to file her complaint in this Court within 90 days of receiving the EEOC right-to-sue letter. For these reasons, the undersigned finds that her claim under Title VII is time-barred and must be dismissed.

Defendants additionally assert that Title VII does not create a basis for liability against individual employees or

supervisors who do not otherwise qualify as an "employer." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Therefore, Defendants argue that Plaintiff's claims against the individual Defendants, Hunter, Gragg and Holmes, must be dismissed for failure to state a claim.

In her response, Plaintiff Williams cites the decision of *Vance v. Ball State University*, 646 F.3d 461 (7th Cir. 2011) for the proposition that an employer may be held vicariously liable for workplace harassment inflicted by a supervisor. While this may be true, this principle fails to support a claim that individual supervisors or other co-employees may be held personally liable under Title VII. The *Vance* case thus provides no support for Plaintiff's claims against Hunter, Gragg or Holmes.

For the reasons stated above, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted against the individual Defendants Hunter, Gragg and Holmes.

Finally, these Defendants argue that Plaintiff Williams has failed to plead a cognizable claim for breach of a collective bargaining agreement. In her complaint, Plaintiff alleges various actions during the summer of 2014 that she alleges amount to a breach of contract under Section 301 of the Labor Management Relations Agreement between GM and the United Auto Workers ("UAW"). The latest of these alleged violations apparently occurred on

October 13, 2014, related to what Plaintiff describes as a "scab list" for non-dues (Docket Entry No. 1 at 9).

Section 301 actions brought by individual employees are governed by the six-month statute of limitations borrowed from Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *Del Costello v. International Broth. of Teamsters*, 462 U.S. 151, 169 (1963). Moreover, a Section 301 claim accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 581 (6th Cir. 1987). Here, Plaintiff Williams complains of several acts the latest of which, by her pleadings, occurred on October 13, 2014. Yet, she failed to file her complaint until September 14, 2015, approximately 11 months later and long after the six-month limitations period expired.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be granted and the complaint against these Defendants dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 23rd day of August, 2016.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge