UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JACQUELYN WILLIAMS, )
)
    **Plaintiff,** )
)
v. ) No. 1:15-0081
) Judge Sharp
GM SPRING HILL MANUFACTURING CO., )
et al., )
)
    **Defendants.** )

## ORDER

Pending before the Court are two Reports and Recommendations ("R&Rs") (Docket Nos. 46 & 48) from the Magistrate Judge that, collectively, recommend dismissal of Plaintiff Jacquelyn Williams's Complaint in its entirety. Plaintiff, proceeding *pro se*, has filed Objections (Docket Nos. 51 & 54) to both.

## I.

The first R&R recommends granting the Motion to Dismiss (Docket No. 24) filed by Defendants Timmons, Brown, Gwynn, Herron and Stannard because Plaintiff's Complaint alleging violations of Title VII was not timely filed, and an individual employee or supervisor is not an employer for purposes of that statute. Further, the Magistrate Judge concluded that any claim for breach of the duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), was also untimely.

Plaintiff first objects on the grounds that she was not provided a "preliminary hearing and examination" before the R&R was issued. Perhaps Plaintiff is confusing the Federal Rules of Criminal Procedure with the Federal Rules of Civil Procedure. The former requires a preliminary

1

hearing, Fed. R. Crim. P. 5.1, while the latter does not.

Plaintiff next objects because the R&R does not reference all of the Defendants named in the Complaint. This is not surprising, however, because both R&Rs were directed towards Motions filed by specific Defendants.

Plaintiff next claims the Magistrate Judge "erred in his predisposed assertions . . . uttering aloud: 'It appears that Plaintiff Williams was employed by Defendant GM . . . It further appears that the individual Defendants were Plaintiff's fellow employees and in some cases, supervisor or labor union representatives.'" (Docket No. 51 at 3). Plaintiff's reference to "uttered aloud" is odd since the R&R was written. Regardless, the Magistrate Judge was construing the Complaint liberally as he was required to do. Moreover, the Complaint suggests the relationships identified by the Magistrate Judge, e.g., "(Michael Herron (UAW Chairman – Caucasian)" and "Nancy Gregg (Caucasian Area Leader – Defendant)." (Docket No. 1 at 3).

Plaintiff further objects to the R&R's conclusion that she failed to file suit within 90 days after receiving a Notice of Right to Sue letter. She now claims that the date on the Right to Sue letter "is obscure and perhaps reads April 11, 13[,] or 14, 2015[,]" (Docket No. 51 at 4), but in her Complaint she specifically averred that she received the letter on "April 10th 2015" (Docket No. 1 at 3). Regardless, receipt as late as April 14, 2015 does not change the outcome because the Complaint was not filed until five months later on September 14, 2015.

Plaintiff also objects to non-liability under Title VII for individual employees and supervisors. She claims that individual liability is "validated by the lawsuit of Anuka Brown Sanders against Isiah [sic] Thomas" in which "Brown-Sanders, an executive employee of the Gardens claimed that Thomas (a corporate employee) made unwanted sexual advances towards her." (Docket

2

No. 51 at 4-5). The problem with this argument is two-fold. First, the district court in <u>Sanders v. Madison Square Garden, L.P.</u>, 2007 WL 2254698, at *25 (S.D.N.Y. Aug. 6, 2007) noted that Thomas "was not Brown Sanders's employer, or even her supervisor," but that "the New York State and City anti-discrimination laws do not limit liability to the employer or agent who commits the act of retaliation itself." The court went on to specifically note, however, that "Title VII contains no analogous language, see 42 U.S.C. § 2000e-3," and "it is unlikely that plaintiff could sustain a claim for aiding and abetting under that statute." <u>Id</u>. at *25, n.16. Second, and more fundamentally, this Court is bound by the law in the Sixth Circuit, which holds " that Congress did not intend to provide for individual employee/supervisor liability under Title VII." <u>Wathen v. Gen. Elec. Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997).

Plaintiff further claims the Magistrate Judge erred because he "borrows information absent [from] Plaintiff's complaint" in discussing a breach of duty claim or a collective bargaining agreement because her claim is based solely on Title VII. (Docket No. 51 at 5). If anything, the Magistrate Judge erred on the side of caution and gave Plaintiff every benefit of the doubt. Even accepting that Plaintiff intended to proceed only under Title VII, the recommended dismissal is correct.

Next, "Plaintiff objects to the Magistrate Judge's decision inhibiting Plaintiff from repleading or amending her complaint." (<u>Id</u>. at 8). While Rule 15(a) of the Federal Rules of Civil Procedure provides that "the court should freely give leave when justice so requires," granting leave to amend a complaint is inappropriate where amending is futile. <u>Brown v. Chapman</u>, 814 F.3d 436, 443 (6th Cir. 2016); see <u>U.S. ex rel. Mitchell v. United Med. Sys.</u>, 2014 WL 6632158, at *2 (E.D. Mich. Nov. 21, 2014) ("Proposed amendments are considered futile if they are barred by the statute of

3

limitations").

Finally in regard to the first R&R, Plaintiff asserts it "is moot because the Magistrate Judge 'refused' to read Plaintiff's Complaint and Exhibits in its [sic] entirety." (Id.). There is nothing to support this contention and it is summarily rejected.

## II.

In the second R&R, the Magistrate Judge recommends that the Motion to Dismiss filed by General Motors, Hunter, Gragg, and Holmes be granted because Plaintiff "failed to file her administrative claim with the EEOC within the 300-day limitations period" and "further failed to file her complaint in this Court within 90 days of receiving the EEOC right-to-sue letter." (Docket No. 48 at 5). In addition to the objections addressed above, Plaintiff lodges a couple of other objections to this R&R.

Plaintiff's primary objection is that she did not consent to the Magistrate Judge deciding this case. She, therefore, claims the referral was in violation of 28 U.S.C. § 636(c).

This case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) (Docket No. 4 at 1), not § 636(c). A § 636(c) "referral grants full authority to a magistrate judge to oversee all or part of a case, as consented to by the parties and designated by the district court," but "a § 636(b) referral does not require the consent of the parties." Holt-Orsted v. City of Dickson, 641 F.3d 230, 234 (6th Cir. 2011). "A plain reading of 28 U.S.C. § 636(b)(1) clearly indicates that a district court judge may refer dispositive motions, such as motions for summary judgment and to dismiss, to a magistrate judge for report and recommendation without the consent of the parties." Russell v. Chrysler Fin. Corp., 2000 WL 572015, at *2 (6th Cir. 2000). That is exactly what occurred here.

Plaintiff also "avers the Magistrate Judge has erred in using borrowed information from

4

another source in his predisposed assertions that 'Plaintiff was discharged on March 6, 2016'" when, in fact, she "was suspended by Ricky Holmes" on that date. (Docket No. 53 at 8). She further claims she was not fired, but, rather, her "employment ended with retirement in December 2014. However, on the page cited by the Magistrate Judge, Plaintiff – in bolded font no less– states that, "on or about March 6, 2014, Plaintiff's employment interchanged from 'suspension' to 'discharge.'" (Docket No. 1 at 7). Plaintiff also wrote in response to the Motions to Dismiss (again in bold font) that "she was 'initially' terminated on March 5, 2014." Regardless of if, or when, Plaintiff was terminated, she admittedly received a Right to Sue letter sometime in April 2015, but did not file suit until September 2015, making her Complaint untimely.

### III.

Having undertaken *de novo* review in accordance with Rule 72(b) of the Federal Rules of Civil Procedure, the Court hereby rules as follows:

(1) The R&Rs (Docket Nos. 46 & 48) are ACCEPTED and APPROVED, and Plaintiff's Objections thereto (Docket Nos. 51 & 53) are OVERRULED;

(2) Defendants' Motions to Dismiss (Docket Nos. 24 & 26) are hereby GRANTED; and

(3) The Complaint in this case is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE